# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CURTIS LEE BALL,**

        **Petitioner,**

**v.**
                                        **Civil Action No. 1:06cv183**
                                        **Criminal Action No. 1:05cr43**
                                        **(Judge Keeley)**

**UNITED STATE OF AMERICA,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On June 15, 2005, petitioner plead guilty to "aiding and abetting another person in unlawfully, knowingly and intentionally distributing approximately 1.27 grams of cocaine base, within 1000' of Monticello Avenue playground;" in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 860. [CR DE 76]. Petitioner was sentenced on January 3, 2006, to a hundred and sixty-eight months. [CR DE 409]. On December 29, 2006, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence. [Civ DE 1]. On February 13, 2007, respondent replied to the petitioner's motion. [Civ DE 6]. Based on LR PL P 83.01, <u>et seq.,</u> and Standing Order No. 4, this motion is before the undersigned for a Report and Recommendation.

## A. <u>Federal Habeas Corpus</u>

All of petitioner's claims are based on ineffective assistance of counsel (IAC). Petitioner specifically claims that:

> (a) counsel induced the petitioner to lie to the court in reference to the stipulation
>
> that petitioner's alleged offense conduct involved not less than 150 grams nor

more than 500 grams of cocaine base,

(b) counsel failed to object to the above stipulation in the pre-sentence report

recommendation,

(c) counsel never explained the consequences of stipulating to not less than 150

grams nor more than 500 grams of cocaine base,

(d) counsel induced the petitioner to sign the plea agreement by informing him

that he would only receive 30-40 months,

(e) counsel was ineffective in requesting that petitioner dismiss his appeal.

[Civ DE 1 and 7].

## I.  Standard of Review

The Supreme Court has stated that for claims of IAC a defendant must show that (1)

there was a deficient performance by counsel (2) and that this deficient performance prejudiced

the defense. Strickland v. Washington, 466 U.S. 668, 692 (1984). As the Fourth Circuit has

explained, "[a] defendant asserting an IAC claim must therefore satisfy both prongs, and a

failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 406 (4th

Cir. 2004). Furthermore, "if the information given by the court at the Rule 11 hearing corrects or

clarifies the earlier erroneous information given by the defendant's attorney and the defendant

admits to understanding the court's advice, the criminal justice system must be able to rely on

the subsequent dialogue between the court and the defendant." United States v. Lambey, 974

F.2d 1389, 1395 (4th Cir. 1992) (en banc), *cert denied*, 513 U.S. 1060 (1994).

The Supreme Court has said that in reviewing the performance of counsel, the Court must

"eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's

perspective...." Strickland, 466 U.S. at 689. Because this is such a difficult evaluation, the court

must "indulge a strong presumption" that counsel's conduct, trial strategy, and tactics are within

"the wide range of reasonable professional assistance." Id. at 689. Further, "the standard of

reasonableness is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

In order to satisfy the general prejudicial effects requirement, the defendant must show

that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Strickland, 466 U.S. at 694. To satisfy the prejudicial

effects requirement in reference to guilty pleas "the defendant must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## II. Analysis

**(a) counsel induced the petitioner to lie to the court in reference to the stipulation that petitioner's alleged offense conduct involved not less than 150 grams nor more than 500 grams of cocaine base[1].**
**(b) counsel failed to object to the above stipulation in the pre-sentence report recommendation,**

These claims are completely without merit. During the Plea Hearing, the Court elicited

from the petitioner that he was in fact involved in not less than 150 grams nor more than 500

grams of cocaine base.

> **THE COURT**: Okay. Ms. Pennington how did you and Mr. Ball conclude that that stipulation was an accurate one?

---

[1]Petitioner makes the argument that he told counsel that he "had only possessed approximately 2.5 grams of crack during the entire conspiracy, which included [his] drug habit." [Civ DE 1 and 7]. This is directly refuted by his statements in the Plea Hearing.

**MS. PENNINGTON**: We had an extensive conversation about what evidence they had as to his relevant conduct. I just asked Mr. Ball, we discussed it and he agreed that that was correct.

**THE COURT**: Okay. So Mr. Ball you're not being taken on the blind here. You do know what the basis of that stipulation is. Is that correct?

**THE DEFENDANT**: Yeah- - yes ma'am

**THE COURT**: What do you mean yeah?

**THE DEFENDANT**: Well, I didn't know about all the transcripts and all that. I just, you know, I didn't know where they came up with that.

**THE COURT**: Okay, I've had a couple of other cases involving this whole scenario of the drugs being sold down around Monticello Avenue around the Vets Club and everything and there have been a couple of challenges to the amount of relevant conduct and we have had some sentencing hearings that involved witnesses and the amount of drugs went up rather than down. But, you were, I take it, in addition to distributing, you used?

**THE DEFENDANT**: Yes ma'am

**THE COURT**: You smoked and you sold, right?

**THE DEFENDANT**: Yes.

**THE COURT**: You sold to get crack?

**THE DEFENDANT**: To smoke, yes ma'am.

**THE COURT**: So, sometimes recollections are a little vague as to amounts, which is why the stipulations are good. **Are you satisfied that, when you think back on things, that this is a fair representation**?

**THE DEFENDANT**: **Yes ma'am**. I was just - - I didn't know about all the transcripts - -

**THE COURT**: Oh, okay.

**THE DEFENDANT**: Or how they come to- -

**THE COURT**: How they found out about you?

4

**THE DEFENDANT**: Yes, that's something I was - -

**THE COURT**: Okay. It's called witnesses before the grand jury.

 [CR DE 409] at 34-36 (emphasis added).

This clearly shows that petitioner was not induced to lie to the Court. In addition, there is

nothing in the record to indicate that the Defendant violated his oath and committed perjury

while testifying under oath in response to questions put to him by the Court.  Inasmuch as

petitioner told the Court under oath that his relevant drug conduct was within the range set forth

in the stipulation, there would be no basis for his lawyer to contradict him by objecting to the

stipulation.  Therefore, the undersigned finds these claims to be without merit.

> **(c) counsel never explained the consequences of stipulating to not less than 150 grams nor more than 500 grams of cocaine base,**

This claim is also without merit. Even if the Court was to accept that petitioner's counsel

never explained the consequences of the stipulation, they were explained to him by the court.

> **THE COURT**: Okay. Now obviously, the parties here, you and the Government, have looked at what you would expect your case - - your sentence to be because in looking over paragraph seven and - - which is what the stipulated amount of drugs involved in the one count is, and looking over paragraph twelve, I see that by - - and also, I'm sorry, I'm looking for the relevant conduct - - yeah, it's in paragraph nine, that you have agreed that at least one hundred and fifty but less than five hundred grams of cocaine base is involved here. So, we know that the sentence is going to longer [sic] than a year and under the guidelines, it's going to be calculated based on one hundred and fifty but less than five hundred grams of crack cocaine, right?
>
> **THE DEFENDANT**: Yes ma'am.
>
> **THE COURT**: And we know that it's also going to look - - the guidelines require that I look at your prior criminal history, if any. That's not set out in the plea agreement and I don't know what that is but, as you are aware, under the guidelines system that will drive up the length of your sentence if you have a long or extended criminal history, right?

**THE DEFENDANT**: Yes ma'am.

**THE COURT**: . . . Under the guidelines, once your criminal history and your drug weight is calculated, if there are no other factors that would enhance your sentence, those two things will drive the guideline range determination in your case.

. . .

**THE COURT**: . . .Okay. So, you are aware generally then of what kind of sentencing range the guidelines would put you in, is that right?

**THE DEFENDANT**: Yes ma'am.

**THE COURT**: Okay. I don't know what your criminal history category is. So, all I know is that, if you were at a level thirty-five, and that is, of course, before acceptance of responsibility as you all understand these terms, that would be a hundred and sixty eight to two hundred and ten months.

 [CR DE 409] at 16-19.

The Court clearly walked the petitioner through what the stipulation meant by showing him that the calculation of the guidelines was going to be based on at least one hundred and fifty but less than five hundred grams of cocaine. The Court even went so far as to tell petitioner how much time he might be facing which shows that the petitioner was fully informed about the consequences of the stipulation. Therefore, there is no evidence to support the proposition that but for counsel's errors, petitioner would have gone to trial as opposed to accepting the plea.

**(d) counsel induced the petitioner to sign the plea agreement by informing**

**him that he would only receive thirty to forty months,**

A claim of ineffective assistance of counsel for inaccurately predicting a sentence, should be rejected. See United States v. Foster, 68 F.3d 86-87-88 (4th Cir. 1995); (United States v. Lambey, 974 F.2d 1389 (4th Cir. 1992). The overwhelming weight of the evidence shows that this claim is without merit. Petitioner was informed by the Court about the amount of time in

6

prison that he might receive. [CR DE 409] at 16-19.

> **THE COURT**: Okay. I want to make sure before I take a plea from somebody like you, Mr. Ball, that you know what kind of time you may be looking at with the understanding that I don't yet know what your sentence may be and you - - and I can't figure that out with definiteness or with any definite nature until the date of your sentencing. Are you aware of that?
>
> **THE DEFENDANT**: Yes ma'am
>
> **. . .**
>
> **THE COURT**: Okay, very well. So, Mr. Ball, you understand that what I'm doing here is just outlining for you possible ranges in which your sentence may fall so that you don't come in at a sentencing hearing and say I'm completely surprised by this; this is not what I expected; it's not what I intended and I didn't want to do that plea. I wouldn't have done it if I had known this.
>
> **THE DEFENDANT**: Yes ma'am.

[CR DE 409] at 19-20.

Even if petitioner's counsel informed him that he would only receive thirty to forty months, petitioner was informed by the Court that the amount of time he would receive was around a hundred and sixty eight to two hundred and ten months[2]. Furthermore, while the Court stated that it was just an estimation, it was still a good benchmark for the petitioner to fully understand how much time he was facing. After giving estimations, the Court explicitly asked if petitioner understood what the sentencing range might be, to which the petitioner answered yes. Therefore, petitioner's claim is without merit.

### (e) counsel was ineffective in requesting that petitioner dismiss his appeal.

Beyond showing that appellate counsel was deficient, petitioner must also show a

---

[2]There is a large disparity between thirty to forty months and one hundred and sixty eight to two hundred and ten months. It is unclear to the undersigned why the petitioner would not have raised this issue in Court.

"reasonable probability that, but for . . . appellate counsel's unreasonable failures, he would have prevailed on his appeal." United States v. Daniels, 2008 U.S. Dist. LEXIS 26784 (D.S.C. Apr. 1, 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000)). The evidence in the record does not support the petitioner's assertion. Petitioner's Motion of Voluntary Dismissal stated,

> The purpose of filing the notice of appeal in this case was to raise the issue(s) relating to the sentencing guideline calculations and Congress' policy decision to implement a 100:1 crack cocaine to powder cocaine ratio. In addition, the Appellant in this case intended to argue that United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) were relevant factors to be considered by the District Court when calculating the applicable sentencing guideline range and making a final sentencing determination in a case involving the distribution of crack cocaine. Pursuant to Rule 42(b), the Appellant moves to dismiss this appeal from the docket of the Court of Appeals for the Fourth Circuit. The Appellant's decision to move for voluntary dismissal is based in part on the recent ruling by this Honorable Court in the case of United States v. Vincent C. Eura. **The Court's recent decision in Eura is contrary to the position of the Appellant in this appeal**. Accordingly, the Appellant moves to have this case dismissed.

Ball v. United States, 06-4049 (4th Cir. 2006) at dckt. no. 13 (emphasis added).

Without directly addressing whether petitioner's counsel was deficient, it is clear that had the petitioner gone forward he would have lost his appeal. This is directly admitted within the text of the Motion of Voluntary Dismissal. Therefore, the petitioner has not met and cannot meet the prejudice prong of an ineffective assistance of counsel claim.

### III.  Recommendation

Based upon a review of the record, the undersigned recommends that the Loveridge's §2255 motion be **DENIED and DISMISSED** from the Court's active docket

because he has not shown that counsel was ineffective[3].

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro*

---

[3]The undersigned notes that the government also argues that the petitioner waived his collateral rights under the waiver provision of the plea agreement:

> The above paragraph notwithstanding, the defendant will retain his appellate rights with respect to any sentence imposed above the applicable Guideline range at an adjusted offense level 36 or higher. This reservation of rights is designed to ensure that the United States and the defendant retain the benefits of the plea agreement. It is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this reservation of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted Guideline offense levels. The United States will retain its right to appeal any sentence imposed below the applicable Guideline range at an adjusted offense level 31 or lower.

[CR DE 76].

Although the transcript of the petitioner's Rule 11 hearing showed that the Court informed the petitioner that the aforementioned waiver of his appellate rights might include a waiver of his right to collaterally attack his sentence under § 2255, the undersigned is not convinced that this waiver is sufficient enough to successfully bar review of the petitioner's § 2255 petition, particularly when a part of that claim is based on post plea alleged ineffective assistance of counsel. Nevertheless, the undersigned need not reach that question because the petitioner's underlying claim is without merit.

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation

to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic

Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED: June 18, 2008


*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE